```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MICHAEL L. SMALLWOOD**

      **Petitioner,**

v.                                     **CIVIL ACTION NO. 1:20CV105**
                                                **(Judge Keeley)**

**JUDGE PATRICK N. WILSON,**
Circuit Court Judge
Of Marion County,

      **Respondent.**

**MEMORANDUM OPINION AND ORDER**
**DISMISSING COMPLAINT WITHOUT PREJUDICE**
**[DKT. NO. 4] AND DENYING AS MOOT THE PETITION FOR WRIT OF**
**MANDAMUS AND MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NOS. 1, 5]**

      This case arises from a property dispute in the Circuit Court of Marion County, West Virginia (Dkt. No. 1 at 7). The pro se plaintiff, Michael L. Smallwood ("Smallwood"), filed a petition for writ of mandamus on May 28, 2020, and a complaint and motion to proceed in forma pauperis on June 9, 2020 (Dkt. Nos. 1, 4, 5). Because this Court does not have jurisdiction to review the state court decision, the Court **DISMISSES WITHOUT PREJUDICE** Smallwood's complaint for lack of jurisdiction (Dkt. No. 4) and **DENIES AS MOOT** his petition for writ of mandamus and motion to proceed in forma pauperis (Dkt. Nos. 1, 5).

### I. APPLICABLE LAW

      It is axiomatic that federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." Kokkonen v. Gaurdian Life Ins. Co. of

**SMALLWOOD V. WILSON** 1:20CV105

**MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT WITHOUT PREJUDICE
[DKT. NO. 4] AND DENYING AS MOOT THE PETITION FOR WRIT OF
MANDAMUS AND MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NOS. 1, 5]**

Am., 511 U.S. 375, 377 (1994) (citations omitted). Generally, subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction has two requirements: (1) there must be complete diversity of citizenship; and (2) the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. Federal-question jurisdiction, by contrast, requires only that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It has long been held that "a federal question must appear on the face of [the] plaintiff's well-pleaded complaint." Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

But "Congress has vested federal review of state court decisions exclusively in the Supreme Court." Natusch v. Nibert, No. 1:16CV81, 2017 WL 1155375, at *4 (N.D. W. Va. Mar. 28, 2017) (citing 28 U.S.C. § 1257(a)). "District courts, as courts of original jurisdiction, may not sit in direct review of state courts." Id. (citing Davani v. Va. Dep't of Trans., 434 F.3d 712, 717 (4th Cir. 2006)). "[T]he Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

2

**SMALLWOOD V. WILSON** 1:20CV105

**MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT WITHOUT PREJUDICE
[DKT. NO. 4] AND DENYING AS MOOT THE PETITION FOR WRIT OF
MANDAMUS AND MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NOS. 1, 5]**

proceedings commenced and inviting district court review and rejection of those judgments.'"[1] Id. (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). "If the plaintiff 'is challenging the state-court decision,' the doctrine bars federal suit 'even if the state-court loser did not argue to the state court the basis of recovery that he asserts in the federal district court.'" Id. (quoting Davani, 434 F.3d at 719).

"Importantly, 'the Rooker–Feldman doctrine precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts.'" Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000) (citation omitted). "[T]he doctrine reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997).

The authority of federal courts to issue writs exists "solely for the purpose of protecting the respective jurisdictions of

---

[1] "The Rooker–Feldman doctrine is the namesake of Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983)." Davani, 434 F.3d at 716.

**SMALLWOOD V. WILSON** 1:20CV105

**MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT WITHOUT PREJUDICE
[DKT. NO. 4] AND DENYING AS MOOT THE PETITION FOR WRIT OF
MANDAMUS AND MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NOS. 1, 5]**

[federal] courts." Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969). Federal courts "have no power to acquire jurisdiction of a case or question by issuing a writ of mandamus." Id. (finding that because the federal court lacked appellate jurisdiction over the state court, the federal court also lacked jurisdiction to issue the requested writ of mandamus).

## II. DISCUSSION

Smallwood asks this Court to overturn the Circuit Court of Marion County's dismissal of his petition for "ascertainment and designation of boundary line or lines of real estate" (Dkt. No. 1 at 5). He alleges that the state court caused him "irreparable harm" and "err[ed] by not protecting [his] rights" under state and federal law. Id. at 5-7. Therefore, he requests "temporary relief" from the dismissal order with prejudice pursuant to West Virginia Rules of Civil Procedure Rule 65(a)(1)(2). Id. at 7. Smallwood does not offer any arguments to establish why this Court has jurisdiction (Dkt. Nos. 1, 4).[2]

Because Smallwood asks this Court to review and ultimately

---

[2] Smallwood does not allege any amount in controversy, does not address diversity of parties, and no federal question arises from the "face of . . . [his] complaint." See Sharp, 660 F. Supp. at 650; Dkt. Nos. 1, 4.

4

**SMALLWOOD V. WILSON** 1:20CV105

**MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT WITHOUT PREJUDICE
[DKT. NO. 4] AND DENYING AS MOOT THE PETITION FOR WRIT OF
MANDAMUS AND MOTION TO PROCEED IN FORMA PAUPERIS [DKT. NOS. 1, 5]**

overturn a state-court decision, the Rooker-Feldman doctrine plainly applies, and this Court therefore lacks subject-matter jurisdiction. See Evans v. Cordray, 424 Fed. App'x 537, 538 (6th Cir. 2011) ("If the source of the plaintiff's injury is the state-court judgment itself, then the Rooker-Feldman doctrine bars the federal claim." (citation omitted)). And because this Court lacks jurisdiction, it has no authority to issue a writ of mandamus to the Circuit Court of Marion County.

### III. CONCLUSION

For all of these reasons, the Court **DISMISSES WITHOUT PREJUDICE** Smallwood's complaint (Dkt. No. 4) and **DENIES AS MOOT** Smallwood's petition for writ of mandamus and motion for leave to proceed in forma pauperis (Dkt. Nos. 1, 5).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to Smallwood by certified mail, return receipt requested.

DATED: June 17, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE